UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 15-152 |
| RODNEY HESSON<br>GERTRUDE PARKER | SECTION: "J" (1) |

**ORDER**

Before the Court is a *Motion for New Trial and Renewed Motion for Judgment of Acquittal* **(Rec. Doc. 217)** filed by Gertrude Parker and Rodney Hesson ("Defendants"), an opposition thereto (Rec. Doc. 227) filed by the United States of America ("Government"), and a reply (Rec. Doc. 235) filed by Gertrude Parker. Defendants raise the following arguments in support of their motion: 1) the Government produced insufficient evidence; 2) the Court made procedural errors; 3) the Court gave an improper jury instruction; 4) the Court failed to allow individual voir dire of certain jurors; and 5) the cumulative effect of the alleged errors necessitates the requested relief. After reviewing the motion and the legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

Defendants' first argument is that the Government failed to provide sufficient evidence to convict Parker at the trial. Specifically, Defendants argue that the Government failed to prove Parker acted "with the intent to further an unlawful purpose," and

1

that the Government's case relied upon "guilt by association." (Rec. Doc. 217-1 at 5.) For the reasons set out in the Government's opposition, the Court rejects Defendants' argument. (See Rec. Doc. 227 at 6-9.) The Government presented ample evidence at trial to establish that Parker actively and intentionally participated in the conspiracy for which she was found guilty.

Defendants' argument that Dr. Marson's testimony was improper is also unavailing. Defendants contend that Dr. Marson improperly testified as to ultimate issues of guilt during his testimony at trial and that he "told the jury that the defendants committed fraud." (Rec. Doc. 217-1 at 9.) Dr. Marson made no such statement. Dr. Marson limited his testimony to opinions regarding the lack of medical necessity for the testing performed by Hesson's and Parker's companies and the inappropriate psychological care performed by the companies. This testimony did not violate Federal Rule of Evidence 704(b). *See United States v. Speer*, 30 F.3d 605, 610 (5th Cir. 1994) (acknowledging that "a mere explanation of the expert's analysis of facts which would tend to support a jury finding on the ultimate issue" is distinguishable from a "forbidden opinion on the 'ultimate legal issue'").

Defendants also argue that the Court committed error by giving the jury a deliberate ignorance jury instruction. The Court is required to "give a deliberate ignorance instruction when a defendant claims a lack of guilty knowledge and the proof at trial

supports an inference of deliberate indifference." *United States v. Vasquez*, 677 F.3d 685, 696 (5th Cir. 2012) (internal citations omitted). For the reasons more fully set forth in the Government's opposition, Parker clearly argued at trial that she lacked criminal knowledge. For example, Parker's counsel stated in his closing argument that "[Parker is] not a psychologist. . . . She relied on what had been done, what had been told to her, and what she thought was going on." (Rec. Doc. 218 at 55.) Parker's counsel also stated, "You've got to look at [Parker's] intent, her knowledge, her reliance on clinical psychologists, her reliance. . . .[I]t is up to the clinical psychologists to determine whether the testing and evaluation should [go] forward." *Id*. at 65-66. Parker's reliance on a lack of medical training and the role of clinical psychologists justified the Court giving the deliberate ignorance instruction. *See United States v. Barson*, 845 F.3d 159, 165-66 (5th Cir. 2016).

Finally, the Court did not err in conducting voir dire in this case. Defendants argue that the Court should have allowed for certain jurors to be questioned individually rather than in the collective jury panel. As will be discussed below, this argument is without merit.

During collective voir dire, counsel for Hesson told the jury panel that Hesson had been convicted of Medicaid fraud in 2012 and that this prior conviction would be discussed during the trial.

Hesson's counsel then asked the jury panel whether knowledge of Hesson's previous conviction would make any of them more likely to assume Hesson is guilty in the instant case. Ten of the forty-five members of the jury panel indicated that they would be more likely to make such an assumption. The same jury pool members also indicated that knowledge of Hesson's prior conviction may make them less likely to think Hesson's testimony at trial would be truthful.

The Court then instructed the jury panel that Hesson's prior conviction would only be admitted at trial for a limited purpose and that was not to prove a likelihood of guilt in this case. Shortly thereafter, the Court addressed the full jury panel and directed a question to the ten jury panel members who had expressed reservations about the prior conviction. The Court asked:

> [W]ould all of you be willing and able to . . . listen to the evidence in this case, judge this case on the evidence that comes out during this case, and decide whether the government has proven its case beyond a reasonable doubt without relying simply on the fact that Mr. Hesson may have this prior conviction?

Three of the ten jurors indicated they would have difficulty abiding by the Court's instruction, while the other seven did not. The Court then called those three jurors individually to the bench and asked them each specific questions with counsel present. The Court struck all three potential jurors for cause. Having been satisfied by the responses of the other seven potential jurors,

the Court declined to call them up individually or strike them for cause.

The Court did not err in refusing to individually question the seven potential jurors who had been rehabilitated. Even if it had, Defendants were not deprived of a fair trial because none of the rehabilitated jurors ultimately served on the jury. *See United States v. Martinez-Salazar*, 528 U.S. 304, 307 (2000); *see also Patino v. Thaler*, 431 F. App'x 258, 258-59 (5th Cir. 2011) (unpublished opinion) ("Even if [two prospective jurors] were biased, [the defendant's] constitutional rights were not violated because he used peremptory challenges to strike both of them from jury service.") Thus, Defendants have failed to demonstrate that the Court committed reversible error.

Having concluded that Defendants' arguments are without merit, the Court finds the cumulative error doctrine is inapplicable in this case.

Accordingly,

**IT IS ORDERED** that Defendants' *Motion for New Trial and Renewed Motion for Judgment of Acquittal* **(Rec. Doc. 217)** is **DENIED.**

New Orleans, Louisiana, this 3rd day of March, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE